UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02342-FWS-MAR Date: October 21, 2026

Title: Kathleen Hawks v. California Southern University, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Damian Velazquez for Rolls Royce Paschal — Deputy Clerk

N/A — Court Reporter

Attorneys Present for Plaintiff: Not Present

Attorneys Present for Defendants: Not Present

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

## I. Introduction and Background

Plaintiff Kathleen Hawks brings this case against Defendants California Southern University, LLC, ("CSU LLC"), Perdoceo Education Corporation ("Perdoceo"), and American Intercontinental University System, Inc. ("AIUS"). (*See* Dkt. 1-1 ("Complaint").) In short, Plaintiff, "a long-time employee and former student of CalSouthern," alleges that she had a 2015 agreement with CalSouthern that "all tuition, costs, and fees associated with the PsyD program—including extensions and repeated courses—were to be fully paid for and covered by CalSouthern." (*Id.* ¶¶ 10-13.) Then, according to Plaintiff, "CalSouthern was acquired by Perdoceo and became CSU LLC, now part of AIUS." (*Id.* ¶ 14 (court's definitions adopted).) However, after "a potential conflict of interest due to [Plaintiff's] dual status as employee and student" was raised, at a time when Plaintiff "had completed 52 of 66 semester credits, maintained a 4.0 GPA, was promoted to 'Doctoral Candidacy,' and was all but a dissertation away from completing the doctoral program," Plaintiff was "removed from the PsyD program." (*Id.* ¶¶ 30, 34.) Among other claims, Plaintiff alleges her 2015 contract for tuition waiver was breached. (*Id.* ¶¶ 57-62.)

Perdoceo removed the case to this court on the basis of diversity jurisdiction, arguing that CSU LLC "was fraudulently joined and its citizenship must be disregarded for purposes of determining diversity jurisdiction." (Dkt. 1 ("Notice of Removal") ¶ 4.) More specifically, Perdoceo argues that the "undisputed corporate records of the State of California establish that CSU LLC cannot be held liable to Plaintiff on any of the causes of action alleged in the Complaint" because:

(1) "CSU LLC has been suspended by the California Franchise Tax Board since August 1, 2014, more than eight years before any of the conduct alleged in the Complaint."

(2) "[T]he Complaint's own allegations and Perdoceo's business records confirm that CSU LLC is a distinct legal entity from the operating institution known as 'California Southern University' that Plaintiff alleges employed her and enrolled her in the PsyD program."

(3) "[A]ll of the conduct alleged in the Complaint—including the conduct underlying each of Plaintiff's eight causes of action—occurred between 2022 and 2024, years after CSU LLC's suspension and years after CSU LLC ceased to have any involvement in the operation of California Southern University."

(Notice of Removal ¶¶ 4, 19, 24, 28.) Perdoceo also maintains that Plaintiff is mistaken about the nature of the merger: that before 2022, CalSouthern was operated by CSU Corp., "a distinct legal entity from" CSU LLC, and Sunshine Newco, LLC purchased CSU Corp. before merging "with and into AUIS," which is "a wholly owned subsidiary of Perdoceo." (Dkt. 1-2 (Declaration of Ashish Ghia) ¶¶ 3-6.)

Before the court is Plaintiff's Motion to Remand. (Dkt. 10 ("Motion" or "Mot.").) Perdoceo opposes the Motion. (Dkt. 12 ("Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 14 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **October 22, 2026**, (*see* Dkt. 11), is **VACATED** and **OFF CALENDAR**. Based on the record, as applied to the relevant law, the Motion is **GRANTED**.

## II. Preliminary Matter: Local Rule 7-3

As a preliminary matter, the court must address the fact that Plaintiff failed to comply with Central District of California Local Rule 7-3. (Reply at 5 ("Plaintiff acknowledges that

omission.").) Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." *Id.* Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "Failure to include such a declaration may result in the motion being denied." *Id.*

Here, the court is very disappointed to find that Plaintiff's counsel failed to follow Local Rule 7-3. Indeed, "[c]ompliance with the Local Rules is not optional." *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). In particular, Local Rule 7-3 is not "just a piece of petty pedantry put down to trip up lawyers" or "mere formalism simply there" for lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). Rather, it serves important functions to help "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-confer requirement of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court. It also serves the important purpose of providing the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to negotiate on the hearing date. This allows for the preparation of an adequate response given the otherwise short briefing schedule for motions provided for by the Local Rules."); *R.H. v. Cnty. of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (cleaned up) ("The purpose of Local Rule 7-3 is to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice.").

Unfortunately, however, the court further finds that the damage to the "just, speedy, and inexpensive determination of [this] action" caused by Plaintiff's failure to meet and confer has already been done, and that taking additional action regarding Plaintiff's failure to comply with

Local Rule 7-3—including by holding a hearing on this matter or issuing an order to show cause regarding sanctions—would only cause delay and increased expense at this stage of the proceedings. Fed. R. Civ. P. 1. Therefore, at this time, the court only expresses its disappointment with Plaintiff's counsel's disregard for the Local Rules before turning to the merits of the Motion.

## III. Legal Standard and Discussion

Plaintiff argues that this case should be remanded because the parties are not completely diverse as 28 U.S.C. Section 1332 requires. The parties agree that Plaintiff and the non-CSU LLC Defendants are completely diverse and the amount in controversy exceeds $75,000. (*See* Opp. at 1.) They dispute only whether the CSU LLC's citizenship can be disregarded under the doctrine of fraudulent joinder. (*See id.*)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation modified). Accordingly, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548 (citation modified); *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02342-FWS-MAR Date: October 21, 2026
Title: Kathleen Hawks v. California Southern University, LLC *et al.*

The court's subject matter jurisdiction therefore depends upon whether CSU LLC was fraudulently joined, which in turn depends on whether Plaintiff could possibly state a claim against CSU LLC. *See Hunter*, 582 F.3d at 1046. The court finds that Perdoceo fails to meet its heavy burden of demonstrating fraudulent joinder.

Perdoceo argues there is no possibility Plaintiff can prevail on her claims against CSU LLC because "CSU LLC is a distinct, unrelated entity with no connection to the conduct alleged," an argument confirmed in Perdoceo's view by the fact that CSU LLC has been suspended by the California Franchise Tax Board ("FTB") since 2014, and "Plaintiff's alter-ego theory is factually unsupported and legally flawed." (Opp. at 3-9 (headings).) None of these arguments is patently frivolous. But showing weaknesses in a plaintiff's claim, or even "showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. This is because the standard for establishing fraudulent joinder is more exacting than that for dismissal for failure to state a claim." *Tipton v. Walmart Inc.*, 2021 WL 1561462, at *2 (C.D. Cal. Apr. 20, 2021). Stated differently, "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549. Rather, the "propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record . . . For that reason, courts routinely grant motions to remand even where . . . a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant." *McBee v. Raytheon Techs. Inc.*, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024) (citation modified). "Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand." *Hill v. Airgas USA, LLC*, 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023).

Applying this standard, the court finds remand is appropriate. Plaintiff points out that CSU LLC "was an active, fully empowered California entity for the first **nearly four years** of Plaintiff's employment—from November 2010 through August 2014." (Mot. at 12 (emphasis in original); *see* Reply at 9 (arguing that the Ghia Declaration "does not state who CSU LLC's members or managers were," and "who owned or controlled CSU Corp.," or "which entity hired Plaintiff in 2010 or made the 2015 tuition commitment"); *see id.* at 11 ("Perdoceo's

evidence does not identify any other promisor for the 2015 agreement, much less eliminate CSU LLC.").) In addition, although Perdoceo is not wrong that Plaintiff's present alter ego allegation is not factually detailed, (*see* Compl. ¶ 6), the court cannot say it could not be amended to survive; moreover, "[b]ecause alter ego is a factual determination encompassing a host of factors, the Court cannot summarily decide this issue without reaching the merits of Plaintiff's claims," such that Perdoceo's "argument is one for the state court to decide." *Overrated Prods., Inc. v. Universal Music Grp.*, 2018 WL 1136881, at *3 (C.D. Cal. Mar. 1, 2018) (cleaned up) (rejecting fraudulent joinder allegation and remanding on this basis).

Nor does the court find that CSU LLC's suspension by the California Franchise Tax Board is dispositive. "It is settled that during the suspension, a California corporation is disabled from resort to the courts for any purpose," but "it does not cease to exist as a California corporation," and "[i]t is still empowered to take actions to relieve the suspension and it can amend its articles of incorporation." *De Rojas v. Smart Transp.*, 2005 WL 3369984, at *2 (N.D. Cal. Dec. 12, 2005). "Thus, for the purpose of determining citizenship of" CSU LLC, "the Court only looks to" the citizenship of CSU LLC (which the parties agree is California), "not its status, whether inactive or suspended. Therefore, at the time this action was removed, one of the Defendants, [CSU LLC], was a California citizen and the action was not removeable." *Id.*

Perdoceo's argument that the citizenship of CSU Corp. and CalSouthern "is irrelevant to diversity" because they are not named defendants also fails to persuade, as the argument loses sight of the standard the court must apply at this stage of the proceedings. (Opp. at 9.) It is possible that a state court would determine that any "deficiency in the complaint," including naming the wrong California defendant if that turns out to be the case, "can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 549; *cf., e.g.*, *Barringer v. Wal-Mart Stores, Inc.* 2022 WL 4356106, at *3 (C.D. Cal. Sept. 19, 2022) ("Even if Plaintiff's current allegations are insufficient, it is possible that Plaintiff could cure any insufficiencies in her complaint through amendment—a possibility that has led courts to remand similar cases.") (citing *De Peralta v. Fox Rest. Concepts, LLC*, 2018 WL 748287, at *5 (C.D. Cal. Feb. 6, 2018)); (*see* Reply at 9-10 (The undisputed record shows two California entities that bore the identical name, 'California Southern University.' Both were organized under California law to operate in the education business. The institution's employees were told that the sale was executed by the university's owner, 'Dr. Hecht,' without reference to any particular entity. On

that record, whether CSU LLC was the contracting party, or is the alter ego of the entity that was, is a disputed fact.") (internal citation omitted); *id.* at 12-13 ("Any Deficiency in the Alter Ego Allegations is Curable by Amendment") (heading)); (*see also* Reply at 14; Dkts. 13, 16, and 17 (Joint Reports under Rule 26(f) at 5, 9 (all indicating Plaintiff's intention to file a motion for leave to name CSU Corp. as a defendant); Dkt. 21 ¶ 3 ("If the Court grants the Motion to Remand, Plaintiff will seek to add CSU Corp. in the Superior Court.").)

In summary, while Perdoceo identifies meaningful hurdles to the success of Plaintiff's claims against CSU LLC, "the Court cannot conclude that Plaintiff has *no possibility* of prevailing on" those claims. *Hill*, 2023 WL 9005648, at *2 (emphasis added) (remanding in fraudulent joinder context); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.") In other words, "the Court finds that there is a non-fanciful possibility that Plaintiff would be able to state a claim" against CSU LLC. *Webber*, 2012 WL 4845549, at *7. The court thus concludes Perdoceo has not met the high burden of showing that CSU LLC was fraudulently joined such that its citizenship should be disregarded for purposes of establishing diversity jurisdiction. Considering CSU LLC's citizenship means that the court lacks subject matter jurisdiction over this case and it must be remanded. *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Kuntz*, 385 F.3d at 1181 ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). The Motion is therefore **GRANTED**.

## IV. Disposition

For the foregoing reasons, the court **GRANTS** the Motion and **REMANDS** this case to Orange County Superior Court as case number 30-02026-01583499-CU-BC-CJC.